### HOLT v. CITY OF BUFFALO.

(Supreme Court, Trial Term, Erie County. May, 1916.)

MUNICIPAL CORPORATIONS ☞761(2)—STREET ON FEDERAL PROPERTY—DEFECT IN SIDEWALK—LIABILITY.

Where a city, by permission of Congress, constructed through federal land occupied by a fort a roadway, with curbing on each side, and the federal government constructed sidewalks outside the curb, and where, as a result of moving snow from the walks, the line of the traveled path extended in places beyond the lines of the walks, and an iron pipe, driven into the ground by a federal officer 16 feet from the roadway to protect a lawn, etc., made the path unsafe, and plaintiff, while using the ground in the exercise of ordinary care, tripped over the iron pipe, the city was not liable for his injuries, since the walk or path was not a city sidewalk, and since its responsibility for its care and maintenance and its right of control ended at the curbs, and it could not be held that the iron pipe or guard interfered with any reasonable use of the roadway.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1603; Dec. Dig. ☞761(2).]

Action by Elijah W. Holt against the City of Buffalo. Complaint dismissed.

Carleton H. White, of Buffalo, for plaintiff.

William S. Rann, Corp. Counsel, and George E. Pierce, both of Buffalo, for defendant.

BROWN, J. By permission of Congress the defendant constructed and has maintained for many years through the lands of the United States occupied by Ft. Porter a roadway, consisting of macadam material, with curbing on each side, which drive and the bold bluff on which it is laid out were named by the park commissioners of the city of Buffalo Sheridan Terrace. Sidewalks have been constructed by the United States to the east of the roadway curb in two places, one 4 feet wide and 3 feet from the curb, along the block occupied by the officers' quarters, and one 4 feet wide and 12 feet and 9 inches from the curb, along the west end of the block occupied by headquarters, barracks, and drill grounds. A concrete walk leads from Rhode Island street through the last-mentioned block, intersecting the sidewalk 12 feet and 9 inches from the curb of Sheridan Terrace, a short distance north of the headquarters building. At about the inter-

section of these walks some officer connected with the military post caused a guard to be placed in the lawn to protect it from pedestrians cutting across the corner and wearing the grass away; the guard consisting of an iron pipe 7 feet long supported by a pipe driven into the corner of the lawn at the intersection of the concrete walks and another pipe driven into the lawn, the guard being 15 inches high and extending in a diagonal direction from the corner.

In March, 1912, as a result of removing the snow from the walks and piling it along the sides, the lines of the traveled path extended in places beyond the lines of the sidewalk; and the plaintiff, in walking along the walk to the north of the headquarters building, attempted to turn the corner and go upon the walk to the east of Sheridan Terrace. In so doing he tripped upon the iron pipe or guard, which extended into the space from which the snow had been removed, fell, and sustained damages in the sum of $2,500. He was careful, and was not guilty of any negligence that contributed to his injuries. It was negligence to permit the pipe or guard to be in the place where it was. The sidewalk was not safe for travel. The guard had been in place for many years.

The plaintiff claims that the city is liable for his damages—the contention being that the sidewalk upon which he received his injuries was one of the city sidewalks, which it was bound to keep in reasonably good condition for public use; that it was one of the city streets, and that the public had been invited by the city to use it; and that the iron pipe or guard, being close to the intersection of the walks, practically touching the concrete, was an apparently dangerous thing, from which danger could reasonably be apprehended.

The difficulty with such contention is that it was not a city sidewalk. Its nearest edge was 12 feet 9 inches from the city's roadway or driveway, or, if it was a city street, the street line. The city's responsibility for care and maintenance, and its right to control, ended at the east curb of the roadway. It was not called upon to inspect a government sidewalk 12 feet 9 inches from its street line. It could not have been reasonably apprehended that a person using the roadway would likely be injured by the pipe 16 feet 9 inches east of it. It must be assumed that the city was authorized to do precisely what it did; that is, construct a roadway. The authority expressly conferred by Secretary of War Robert T. Lincoln April 12, 1884, is in the following language:

"I have the honor to inform you that permission to construct the roadway in question is authorized," etc.

No other authority seems to be contained in the numerous exhibits. It is therefore necessary to hold that the east side of the roadway as constructed that is, the curb—marks the line of the city's street or highway, and the finding must be that the east line of the city street is the east curb. The law undoubtedly is that the city is obliged to keep obstructions or dangerous things, not only out of the roadway, but removed or protected when out of the roadway, so as to afford no likelihood of danger to a traveler on the roadway; that is, things

that are outside of the roadway, that make the roadway dangerous for travel, must be removed or guarded. It is not seen that the iron pipe over which plaintiff fell made the roadway that the defendant city constructed through the government reservation a dangerous place. It cannot be held that the iron pipe driven into the ground 16 feet 9 inches from the city's roadway interfered with any reasonable use of the roadway. Plaintiff was not injured while on the roadway, but at a place over which the city had no authority or control—a place where "the ownership and control of the said grounds shall remain entirely in the United States." Plaintiff had not been in the roadway, and inadvertently stepped into a place of danger near the roadway. He had not been in the roadway at all. He came through the government reservation lands, and when 16 feet 9 inches from the city's constructed roadway was injured. A barrier or guard on the easterly side of the city's roadway would have afforded the plaintiff no protection. The city had no right or authority to go upon the lawn of the government barracks and remove the iron pipe.

The finding must be that the defendant city is not liable for plaintiff's damages, and the complaint is dismissed.